PecK, J.,
dissenting:
I differ from my brother judges; and will very briefly state my reasons for doing so.
The United States did not assert a right to appropriate or confiscate the property leased, but deliberately waived all authority in that direction, and preferred to accept a lease of the premises.
The title of the lessors to the premises, or their right to lease them— a right which might exist without a title in fee — or the power of the *38 government to confiscate them, which was not invoked, should not now be inquired into collaterally, because the interests to be affected by the inquiry cannot be protected as they might upon a direct proceeding for a confiscation, had one been instituted. To such a proceeding the lease might not present a barrier.
The United States took and held possession under the lease, and have had quiet occupation of the premises since, as the lessors had before and at the time of its execution, and should not now be permitted 'to dispute the title of the lessors, especially, by insisting upon a right which was voluntarily waived, and which might not be affirmed if judicially tested .upon a direct issue for that purpose. I know of no way mnder our laws by which a title can be divested by mere inaction except by lapse of time.
If this action to recover rent were to be tried as an action between individuals, which is the proper rule of proceeding, this court might not decide in a collateral way upon the title to the premises leased. The proprietary rights of' the lessors cannot be fairly adjudicated here. This court is not authorized to declare a confiscation of real property directly or indirectly.
The lease assured quiet occupation of the premises, and that has been enjoyed by the United States, and the objections raised by them to payment come too late.
The effect of the pardon granted to A. F. Tift opens a wide field for discussion which I shall avoid, as I consider the right of some of the claimants to recover well grounded without regard to the pardon.
Filor and Curry should recover, under the lease, for their proportionate interests.
Pinkney not having borne true allegiance “ at all times” to the United States, I do not think this court authorized to pronounce a judgment in his favor.